KÖRBER & Co., Inc., PLAINTIFF AND APPELLANT, *v.* LÓPEZ, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action of Debt.

No. 3048.—Decided April 21, 1924.

JURISDICTION—COMPROMISE.—When for non-performance by the defendant of all of the terms of the compromise the claim is not extinguished, but merely reduced in amount, such a reduction after the filing of the complaint does not deprive the court of jurisdiction by reason of the amount in controversy.

The facts are stated in the opinion.

*Mr. H. F. Besosa* for the appellant.
*Mr. R. G. Pesquera* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from a judgment the pertinent portion of which reads thus:

"After hearing the evidence adduced by the parties who appeared together with their respective counsel, it is deduced therefrom that the amount actually in dispute amounts to $64 and some cents and that the claim is based, not on the facts alleged in the complaint and denied in the answer, but on other facts that subsequently occurred by reason of an alleged compromise regarding the payment of attorney's fees and costs.

"The court is therefore of the opinion that, in view of the

amount involved, it has no jurisdiction to try the case and renders judgment ordering the filing away of the record herein.''

The suit was brought upon a number of promissory notes aggregating more than $10,000, each of which contained an express promise to pay costs and disbursements incurred in collecting the same. The prayer was for costs, disbursements and attorney's fees as well as for the principal and interest, in accordance with the terms and provisions of the notes which were set forth in full in the complaint.

The testimony for plaintiff tended to show an agreement to dismiss the complaint upon payment of an agreed sum as attorney's fees and a stated amount as costs, after the giving of additional security for the amount of the debt exclusive of such costs and attorney's fees; that such security was given and the indebtedness so secured was subsequently paid, as were also the attorney's fees after a further reduction in the amount thereof; but that the sum agreed upon as costs was never paid.

The testimony for the defense, on the other hand, tended to show that the final agreement and settlement as to attorney's fees, which was reached in a conversation between attorneys in the presence of defendant, included the item of costs.

Obviously the court below did not decide this controverted point, which was practically the only question of fact in issue.

The mere reduction of the amount in controversy by reason of a partial payment made after the filing of the complaint did not deprive the court of its jurisdiction. 15 Corpus Juris, 775.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.